In the Matter of FREDERICK P. ROLAND, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 14, 1988

**APPEARANCES OF COUNSEL**

*Gary L. Casella* for petitioner.

*John J. Corcoran* for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was admitted to practice as an attorney by the Appellate Division, First Department, on January 5, 1955. By order of this court dated April 30, 1984, the respondent was

suspended from the practice of law pending the further order of this court.

In this proceeding the Special Referee sustained a single charge of misconduct against the respondent alleging that he was convicted of "serious crime[s]" within the meaning of Judiciary Law § 90 (4) (d), in that, on January 31, 1984, the respondent was convicted in the United States District Court for the Southern District of New York of 21 counts of unlawfully, willfully and knowingly offering unlawful gratuities in violation of 18 USC §§ 2 and 201 (former [f]).

The respondent was sentenced on each of four counts to imprisonment for a period of two years to run concurrently with each other and fined a total of $40,000 on those counts. On each of seven additional counts the respondent was sentenced to a term of two years' imprisonment, the sentences to run concurrently with each other and consecutively to the sentences imposed on the other four counts. The execution of the consecutive sentences was suspended and the respondent was placed on probation for a period of five years on those seven counts. Imposition of sentence on the remaining 10 counts was suspended.

The petitioner moves to confirm the report of the Special Referee and the respondent cross-moves to confirm said report.

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee. The respondent is guilty of the serious misconduct outlined above. Both the petitioner's and the respondent's motions to confirm the Special Referee's report are granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating circumstances set forth by the respondent at the hearing of this matter as well as the fact that respondent was cautioned by the Grievance Committee by letter dated January 6, 1982 for his having engaged in an impermissible conflict of interest and an appearance of impropriety. Accordingly, the respondent is disbarred and it is directed that his name be stricken from the roll of attorneys and counselors-at-law forthwith.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and BROWN, JJ., concur.